UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DREW J. RIBAR, *et al.*,<br>Plaintiffs,<br>v.<br>JULIE BUTLER, *et al.*,<br>Defendants. | Case No. 3:26-cv-00171-MMD-CSD<br>ORDER |

## I. SUMMARY

Pro se Plaintiffs Drew J. Ribar and Jordan Michael Freedle sued Defendants Julie Butler, Joseph Decker, Laurie Ginn, James Appleton, Nicholas Salvatore, James Robinson, David Gravel, and Foster for alleged civil rights violations related to an enforcement action taken by the Nevada Department of Motor Vehicles ("DMV") involving lien sales. (ECF No. 1.) Before the Court is Defendants' Motion to Dismiss.[1] (ECF No. 10.) For the foregoing reasons, Defendants' Motion to Dismiss is granted.

## II. BACKGROUND

Plaintiffs filed this lawsuit for alleged constitutional violations connected to DMV enforcement actions related to lien sales and Plaintiffs' towing company. The following facts are adapted from the complaint (ECF No. 1).

Plaintiff Ribar is the operator of A&A Towing, Inc., where Plaintiff Freedle is employed. (*Id.* at 4.) Lien sales are a mechanism by which towing companies or other lienholders, such as a repair shop or storage facility, can sell a vehicle to collect an

[1]Plaintiffs filed a timely response (ECF No. 15) to which Defendants replied (ECF No 19).

unpaid bill.[2] Lien sales may replace the normal title transfer process and allow the lienholder to transfer ownership of a vehicle without the consent of the prior owner. Lien sale applications are managed and reviewed by the DMV.

Here, Plaintiffs, through A&A Towing, allege that they were subject to administrative action by the DMV related to lien sale applications based on improperly adopted regulations.[3] (*Id*. at 5, 7-8.) Beginning in 2022, Plaintiff Ribar documented and criticized the administrative proceedings and alleged improper policies through his YouTube channel "Auditing Reno 911." (*Id*. at 4, 8.) On February 10, 2026, as part of the administrative proceedings, Defendant Ginn, a Senior Deputy Attorney General assigned to represent the DMV, made a settlement offer to A&A Towing. (*Id*. at 15.) The settlement offer was conditioned on Plaintiff Ribar deleting all DMV-related videos from his YouTube channel. (*Id*.)

Separately, a criminal case was brought against Plaintiff Freedle related to a tow conducted in August 2022. (*Id*. at 19.) The criminal case was later dismissed. (*Id*. at 20.)

Based on these events, Plaintiffs filed this suit on March 10, 2026. (*Id*. at 1.) Plaintiffs sought declaratory and injunctive relief for violations of the First Amendment for retaliation for protected speech and "[c]oerced [c]ensorship," violation of the Fourth Amendment for unreasonable search and seizure of business records, procedural due process violations, and malicious prosecution, all under 42 U.S.C. § 1983. (*Id*. at 2.) As stated above, defendants include Laurie Ginn, the Senior Deputy Attorney General who issued the settlement offer to A&A Towing, as well as Defendants Foster and Gravel, who were investigators with the Nevada Transportation Authority, Defendant Butler, the former Director of the DMV, and Defendants Appleton, Decker, Robinson and Salvatore who are DMV employees in the Compliance Enforcement Division, which is the Division that oversees the lien sale process. (ECF No. 10 at 4.)

---

[2]*See* DMV, *Lien Sale Requirements* (Feb. 2023), https://perma.cc/XA4D-SZSK.

## III. DISCUSSION

Defendants raise several different arguments in their Motion to Dismiss. (ECF No. 10.) They argue that (1) the claims against Defendants in their official capacity are barred by sovereign immunity; (2) Plaintiffs lack standing; (3) Plaintiffs Ribar and Freedle may not represent each other as pro se parties; (4) the statute of limitations has expired; (5) *Younger* abstention is required; (6) Plaintiffs fail to allege personal participation by Defendants and the claims against Defendant Ginn are barred by absolute immunity; (7) Plaintiffs fail to state a claim; and (8) the DMV Defendants are entitled to qualified immunity. (ECF No 10 at 6-21.)

In their response, Plaintiffs concede that many of their claims are barred by the statute of limitations. (ECF No. 15 at 10.) Federal courts use the statute of limitations for personal injury claims in the forum state when determining the limitations period under 42 U.S.C. § 1983. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). The statute of limitations to bring a 1983 action in Nevada federal district court is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir 1989); NRS § 11.190. Accrual begins when a plaintiff knows or has reason to know of the injury forming the basis of the claim. Here, Plaintiffs concede that much of the alleged unconstitutional conduct occurred more than two years before Plaintiffs filed their complaint on March 10, 2026. Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiffs' First Amendment retaliation claim, Fourth Amendment claim, and procedural due process claim.

But Plaintiffs maintain that three of their claims fall "squarely within the limitations window": (1) Plaintiff Freedle's malicious prosecution claim, as the criminal case was only dismissed in 2024; (2) the First Amendment claim related to the "censorship demand" included with the February 10, 2026, settlement offer; and (3) "the February 18, 2026 administrative hold and individualized monitoring." (ECF No. 15 at 10.) The Court addresses each of these remaining claims in turn.

///

**A. Malicious Prosecution**

Plaintiffs maintain that their malicious prosecution claim is not barred by the statute of limitations because the criminal case was "dismissed in 2024." (*Id.*) Plaintiffs do not provide the specific month and day that the criminal case was dismissed, and as Defendants point out, if the case was dismissed before March 10, 2024, the malicious prosecution claim may still be barred by the statute of limitations. (ECF No. 19 at 10.) But even if the Court assumes that the malicious prosecution claim is not barred by the statute of limitations, Plaintiffs have still failed to allege that any of the defendants in this case personally participated in the criminal prosecution against Plaintiff Freedle. Plaintiffs make no allegations that Defendants were in any way involved in the criminal case, and plaintiffs suing non-prosecuting officials for malicious prosecution generally need to show that those officials induced the prosecutors to bring charges they otherwise would not have. *See Hartman v. Moore*, 547 U.S. 250, 262 (2006). The Court therefore grants Defendants' Motion to Dismiss as to the malicious prosecution claim.

**B. First Amendment Censorship**

Plaintiffs allege that the requirement in the February 10, 2026, settlement offer from Defendant Ginn that Plaintiff Ribar take down videos from his YouTube channel was an "unconstitutional condition" and "coerced censorship" in violation of the First Amendment. (ECF No. 1 at 14-15.) Defendants argue that Plaintiffs have failed to state a claim on this ground. (ECF No. 10 at 17.) The Court agrees.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. And a

complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Plaintiffs here have failed to plead sufficient facts to sustain recovery under a viable legal theory as to this claim. Plaintiffs allege that the condition in the rejected settlement offer that Plaintiff Ribar take down certain YouTube videos amounts to a First Amendment violation. But a condition in a settlement offer, a routine part of administrative proceedings, does not inherently amount to coercion. And Plaintiffs have made no allegations that they were penalized for rejecting the settlement offer and its conditions. Because Plaintiffs have failed to plead sufficient facts to show the settlement offer amounted to a First Amendment violation and have identified no authority supporting their claim that a condition in a rejected settlement offer alone may constitute a constitutional injury, the Court grants Defendants' Motion to Dismiss as to this claim.

### C. The February 18, 2026, Allegations

In their response to Defendants' Motion to Dismiss, Plaintiffs bring new allegations regarding an incident that occurred on February 18, 2026, and argue that these claims are not barred by the statute of limitations. (ECF No. 15 at 10, 29-30.) These allegations—that Plaintiff Ribar was subject to an "administrative hold and individualized monitoring" by the DMV—were not included in the original complaint. (*See* ECF Nos. 1; 15 at 10.) Plaintiffs may not amend a complaint or join another claim through additional allegations in a response to a motion to dismiss. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Moreover, it is not clear that any named defendant was involved in the additional allegations. (*See* ECF No. 15 at 29-30.) If Plaintiffs wish to pursue these claims, they may file a new case regarding these allegations against the appropriate defendants.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases

not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 10) is granted.

It is further ordered that Defendants' Motion for Judicial Notice (ECF No. 11) is denied as moot.

The Clerk of Court is kindly directed to enter judgment in accordance with this order and close this case.

DATED THIS 6th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE